IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANCREDITO INTERNATIONAL BANK CORPORATION <br> Plaintiff <br> vs <br> DATA HARDWARE SUPPLY, INC.; FRANCO D'AGOSTINO; DAYCO TELECOM C.A. <br> Defendants | CIVIL 18-1005CCC |

## OPINION AND ORDER

Having considered plaintiff Bancrédito International Bank Corporation's ("Bancrédito") Motion for Reconsideration of Order Entered on May 17, 2018 (**d.e. 12**) filed on May 18, 2018, noting that Bancrédito opposed defendant Dayco Telecom C.A.'s ("Dayco") Motion to Dismiss or to Quash for Insufficient Service of Process (d.e. 7) before the Court entered the May 17, 2018 Order, Dayco's Opposition (d.e. 13) filed on May 22, 2018, conceding Bancrédito in fact opposed its motion on a timely basis, and plaintiff's Reply tendered in its Motion for Leave to File Reply (**d.e. 14**) filed on May 23, 2018, which is GRANTED, plaintiff's Motion for Reconsideration is GRANTED. Accordingly, the portion of the May 17, 2018 Order (d.e. 11) granting Dayco's Motion to Dismiss or to Quash for Insufficient Service of Process (d.e. 7) as unopposed is VACATED.

Bancrédito's Request for Extension of Time (**d.e. 9**) filed on April 2, 2018, requesting an extension of eighteen (18) days to respond to defendants' motions, is GRANTED, retroactively. The Court notes that Bancrédito filed a Response in Opposition on April 20, 2018 (see d.e. 10).

Before the Court are now Dayco's Motion to Dismiss or to Quash for Insufficient Service of Process (**d.e. 7**), seeking dismissal under Fed. R. Civ. P. 12(b)(2) and 12(b)(5), and defendants Data Hardware Supply, Inc. ("Data Hardware"), Franco D'Agostino ("D'Agostino"), and Dayco's (collectively the "Defendants") Motion to Dismiss (**d.e. 8**), seeking dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, both filed on filed on March 16, 2018. In support of its motion to dismiss or to quash for insufficient service of process, Dayco claims Bancrédito served process upon a third party who is not the agent authorized to accept service on Dayco's behalf. In moving to dismiss for failure to state a claim, defendants argue that the relevant agreements executed between the parties contain forum selection clauses that require all litigation be resolved in the state courts of Puerto Rico. Bancrédito responded to both motions on April 20, 2018 in its Consolidated Opposition to Motions to Dismiss filed by Co-defendants at Dockets Nos. 7 and 8 (d.e. 10). Bancrédito claims it served Dayco sufficiently by serving the third party, who then forwarded the complaint and summons to Dayco's attorney. Dayco's lawyer in turn had informed plaintiff he was authorized to accept service on behalf of defendant D'Agostino (*see* d.e. 10-6, p. 1). Bancrédito reasons that service of process upon Dayco was sufficient because the entity's lawyer was notified of the complaint. With respect to the failure to state a claim, Bancrédito argues that the forum selection clauses are conferrals of jurisdiction to Puerto Rico state courts and not exclusions of this Court's jurisdiction.

Having considered Dayco's motion asserting improper service of process, defendants' motion for failure to state a claim, and plaintiff's Response,

CIVIL 18-1005CCC                    3

defendant Dayco's motion is GRANTED in the alternative and service of process upon Dayco is QUASHED and defendants' motion to dismiss is DENIED.

**I.    LEGAL BACKGROUND**

**A.    Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5)**

"A party filing a motion under Fed. R. Civ. . 12(b)(5) [contests] the delivery or the lack of delivery of the summons and the complaint." *Ramirez de Arellano v. Colloides Naturels Int'l,* 236 F.R.D. 83, 85 (D.P.R. 2006). Fed. R. Civ. P. 4(h) sets forth the requirements for serving summons on corporate defendants. A corporation, partnership or association may be served in the United Stated by the manners provided under state law pursuant to Fed. R. Civ. P. 4(e)(1) or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by statute (*see* Fed. R. Civ. P. 4(h)(1)).

"Under Puerto Rico law, as it relates to serving corporations and associations, there are two relevant sources which govern such service: Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, and the Puerto Rico Law on Corporation. Provided that the Law on Corporations applies to corporations organized in Puerto Rico, thus inapplicable to the case at bar, the Court [turns to] Rule 4.4(e). Rule 4.4(e) of Appendix III of Title 32 of the Puerto Rico Laws Annotated [likewise] establishes that a corporation is to be served by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment

CIVIL 18-1005CCC            4

or designated by law to receive service of process." *Ramirez de Arellano*, 236 F.R.D. at 86.

When considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5), "district courts possess broad discretion to dismiss the action or retain the case and quash the service made on the defendant." *Id*. at 85.

**B.   Forum Selection Clauses under Fed. R. Civ. P. 12(b)(6)**

Courts in the First Circuit "treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Claudio de Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 1st Cir. 2014) (citing *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)). In considering the motion, district courts "may consider 'documents the authenticity of which are not disputed by the parties,' 'documents central to plaintiffs' claim,' and 'documents sufficiently referred to in the complaint.'" *Id.* (citing *Rivera*, 575 F.3d 10 at 15). "Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory. Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." *Claudio de Leon*, 775 F.3d at 15 (citing *Rivera*, 575 F.3d at 17). The First Circuit has interpreted forum-selection clauses containing commanding words such as "shall" or "must" as mandatory. *See, e.g., Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 388-89 (1st Cir. 2001) (finding the forum-selection clause

CIVIL 18-1005CCC                    5

mandatory when it states that "[t]his Agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this Agreement must be brought in the State of Illinois.").

## II. DISCUSSION

### A. Service of Process Upon Dayco

"The party raising the insufficiency of service has . . . the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized." *Ramirez de Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006) (referring to *Photolab Corp. v. Simplex Specialty Co.,* 806 F.2d 807, 810 (8th Cir. 1986)). In its motion, Dayco argues that Bancrédito served third party Vanessa Camacho ("Camacho"), an employee of Nationwide Management Services, Inc., who is not its agent authorized to accept service on its behalf.

Bancrédito responds that the summons was delivered to Camacho at the address 8950 SW 74th Court, Ste. 1803, Miami, Florida 33156, listed as the address for Dayco Properties (d.e. 10-1, p. 2) and Dayco Holding Corp. (d.e. 10-2), Dayco Telecom of FLA, Inc. (d.e. 10-7 and d.e. 10-8) in exhibits attached to its Response (*see* d.e. 10, ¶¶ 2-3). It reasons that third party Camacho must be authorized to receive summons on behalf of Dayco because an email from defendants' counsel suggests Camacho gave defendants' lawyer a copy of the complaint and summons (*see* d.e. 10, ¶¶ 5-7 and 10-5). It also adds an email exchange between the parties' respective counsel where defendants' attorney states he accepted service on behalf of defendants D'Agostino and Data Hardware (*see* d.e. 10-6).

"[F]ederal courts have held that an affidavit denying agency, standing alone, may be sufficient to overcome the presumption of proper service created by the return of service." *Blair v. City of Worcester*, 522 F.3d 105, 112 (1st Cir. 2008) (referring to *Hornick v. S.&M. Trucking Co.*, 208 F.Supp. 950, 952 (M.D. Pa. 1962); *Metropolitan Theatre Co. v. Warner Bros. Pictures*, 16 F.R.D. 391, 392-93 (S.D.N.Y. 1954); *Puett Elec. Starting Gate Corp. v. Thistle Down Co.*, 2 F.R.D. 550, 551 (N.D. Ohio 1942)). Dayco attaches an affidavit (d.e. 7-2) to its motion where Camacho states that she is not an employee, officer, agent of process, or authorized representative of Dayco (*see* d.e. 7-2, ¶ 7). Her affidavit also clarifies that Dayco Holding Corp. and Dayco Telecom, C.A. are different entities (*see id*. at ¶ 6). Neither Bancrédito's arguments nor the exhibits attached to its response refute Camacho's statements. Dayco has therefore overcome the presumption of proper service. Accordingly, Dayco's Motion to Dismiss for Insufficient Service of Process is GRANTED in the alternative and Bancrédito's service of process upon Dayco is QUASHED.

**B.  Forum Selection Clauses Applicable to Defendants**

The Personal and Corporate Collateralized Loan Agreement (d.e. 8-1) (the "Loan Agreement"), the Credit Assignment Contract (d.e. 8-2), Promissory Notes (d.e. 10-9 and d.e. 10-10), and Guaranty of Payment (d.e. 10-11) are all central to Bancrédito's claim and referred to in its complaint. The Loan Agreement, the Credit Assignment Contract, and the Promissory Notes were executed by defendant Data Hardware. The Guaranty of Payment in turn was executed by defendant D'Agostino. None of these documents include Dayco

CIVIL 18-1005CCC                    7

as a signing party.  Dayco is consequently not subject to any of the forum selection clauses referred to by the parties.  For this reason, defendants' Motion to Dismiss is DENIED as to Dayco.

We consider the agreements relevant to defendants Data Hardware and D'Agostino to conclude that none of the forum selection clauses in these agreements deprive this Court of jurisdiction.

### 1. Loan Agreement, Credit Assignment Contract, and Promissory Notes

The forum selection clause of the Loan Agreement states that:

> This Loan Agreement and any and all collateral documents shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico.  The borrower (Data Hardware) expressly agrees to the exclusive jurisdiction of the courts of the Commonwealth of Puerto Rico in any and all claims related to or arising out of the terms of this Agreement and hereby **expressly waives any right to be sued in the courts of its jurisdiction of domicile or residency** and further waives and agrees not to question in any such proceeding the jurisdiction of the courts of the Commonwealth of Puerto Rico.

d.e. 8-1, p. 2.

Pursuant to this language, Data Hardware consents that all claims related to the Loan Agreement be decided in the courts of the Commonwealth of Puerto Rico.  Because it limits jurisdiction exclusively to the courts of the Commonwealth of Puerto Rico, the clause is mandatory.

The forum selection clause of the Loan Agreement states that:

> For all purposes of this contract the parties agree that this transaction shall be governed by the laws of the Commonwealth of Puerto Rico and they further agree that any claims arising as a consequence of the same shall be filed exclusively before the courts of the Commonwealth of Puerto Rico. CLIENT (Data Hardware) **expressly waives any other jurisdiction that might be able to address the matter for reasons of domicile or**

CIVIL 18-1005CCC 8

>**residence** and expressly waives its use of any defense of inconvenient forum.

d.e. 2, § Tenth.

This language limits the filing of any claims related to the Loan Agreement to the courts of the Commonwealth of Puerto Rico. It is also mandatory.

>The forum selection clauses in the Promissory Notes state that:
>
>The Issuer (Data Hardware) hereby expressly consents to the jurisdiction of the courts of the Commonwealth of Puerto Rico in any and all claims related to or arising out of the terms of this Note and hereby **expressly waives any right to be sued in the courts of its jurisdiction of domicile or residency** and further waives and agrees not to question in any such proceeding the jurisdiction of the courts of the Commonwealth of Puerto Rico and waives any defense based on *forum non conveniens*.

d.e. 10-9 at p. 3 and d.e. 10-10 at p. 3.

Pursuant to this language, Data Hardware consents to the jurisdiction of the courts of the Commonwealth of Puerto Rico waives its right to be sued in the courts of Florida. It is therefore permissive and provides for the potential jurisdiction of other courts, except those in Florida.

None of these clauses limit jurisdiction to the state courts of the Puerto Rico at the exclusion of this federal court.

In their motion, defendants argue that the phrase "courts of the Commonwealth of Puerto Rico" has been interpreted by this Court and the First Circuit as referring solely to the state courts of Puerto Rico and excluding this federal court. But none of the cases held that this language means what

defendants suggest.[1]  They discuss forum selection clauses that are different from the ones at issue in the case at bar aside from including the phrase "courts in the Commonwealth of Puerto Rico."  Defendants err in relying on case law instead of turning to the text of the forum selection clauses themselves to determine their scope.

The forum selection clauses in the Loan Agreement, the Credit Assignment Contract, and the Promissory Notes include a waiver of jurisdiction in the signing party's place of domicile or residence. *See supra* language in bold.  The clauses prohibit the parties from litigating in Florida and force them instead to do so in Puerto Rico.  When the phrase "courts in the Commonwealth of Puerto Rico" is read in the context of the waiver of litigation in Florida, it is clear that Bancrédito intended to force any case related to these documents to be litigated in any court located in Puerto Rico, state or federal. If Bancrédito intended to limit jurisdiction to the state courts of Puerto Rico, it could have done so explicitly.

Because the forum selection clauses in the Loan Agreement, Credit Assignment Agreement, and Promissory notes do not mandate jurisdiction in the state courts of Puerto Rico, defendants' motion is DENIED as to defendant Data Hardware.

---

[1] The First Circuit declined to follow *Bristol Babcock, Inc. v. PREPA*, 930 F.Supp. 710, 711 (D.P.R. 1996) in *Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 19 (1st Cir. 2000); this court did not hold that the phrase "courts in the Commonwealth of Puerto Rico" means only Puerto Rico state courts in *Action Corp. v. Toshiba America Consumer Products, Inc.*, 975 F.Supp. 170 (1997) but rather concluded that a "superior court or district court having jurisdiction over the merits of the dispute is competent to hear the case" (*id.* at 174-176); and in *León Figueroa v. Tropigas de Puerto Rico, Inc.*, Civ. No. 06-1504, 2008 WL 11357941 (D.P.R. 2008), this Court found that the phrase "courts in the Commonwealth of Puerto Rico" was ambiguous in the context of the specific forum selection clause discussed therein and read the phrase to *include* this Court.

### *2. Guaranty of Payment*

The forum selection clause in the Guaranty of Payment states that:

> Guarantor (D'Agostino) hereby severally submits to the jurisdiction of the state and federal courts in the Commonwealth of Puerto Rico for purposes of any action arising from or growing out of this Guaranty, and further agree that the venue of any such action may be laid in San Juan Puerto Rico. Nothing contained in this Guaranty, however, shall be deemed to constitute, or to imply the existence of, any agreement by Lender to bring any such action only in said courts or to restrict in any way any of Lenders's remedies or rights to enforce the terms of this Guaranty as, when and where Lender shall deem appropriate, in its sole discretion.

d.e. 10-11, p. 3.

Pursuant to this language, D'Agostino consents to the jurisdiction of both state and federal courts in Puerto Rico while permitting Bancrédito to file suit in courts outside of Puerto Rico if it desires. The forum selection clause is therefore permissive.

Because the Guaranty of Payment's forum selection clause does not mandate jurisdiction in the state courts of Puerto Rico, defendants' motion is DENIED as to D'Agostino as well.

### III. CONCLUSION

For the above-stated reasons, Dayco's Motion to Dismiss for Insufficient Service of Process (**d.e. 7**) is GRANTED in the alternative and defendants' Motion to Dismiss (**d.e. 8**) for failure to state a claim is DENIED.

Bancrédito's service upon Dayco is hereby QUASHED. Plaintiff is GRANTED until **DECEMBER 23, 2018** to execute service of process upon Dayco.

CIVIL 18-1005CCC  11

Defendants Data Hardware and D'Agostino in turn SHALL answer the complaint **WITHIN FIFTEEN (15) DAYS**' notice of this Order as required under the March 1, 2018 Case Management Order (d.e. 6).[2]

SO ORDERED.

At San Juan, Puerto Rico, on December 6, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[2] Defendants' Motion to Vacate or Set Aside Case Management Order (**d.e. 15**) filed on June 1, 2018, requesting to vacate or set aside the deadline to file an answer to the Complaint scheduled in the Case Management Order (d.e. 6), is therefore DENIED.